UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL J. SHERIDAN,

    Plaintiff,

v.                                             Case No. 3:23cv24771-TKW-HTC

STATE OF IDAHO,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Michael J. Sheridan, proceeding *pro se*, has filed a complaint against the State of Idaho alleging violations of 47 U.S.C. § 558 and the Equal Protection Clause of the Fourteenth Amendment. Doc. 1. After reviewing the complaint, the undersigned concludes this case should be dismissed for lack of jurisdiction, as the complaint does not contain a non-frivolous federal claim and Idaho is immune from suit in federal court.

Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When a federal court concludes it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Federal courts must

have one of three types of subject-matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction under 28 U.S.C. § 1331; or (3) diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, … and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Here, Plaintiff was subject to a criminal prosecution in Idaho in the late 1990s, with the first trial resulting in a mistrial. He alleges Judge Ted Wood issued an order on August 20, 1999, which stated, "Because Sheridan was convicted of the other offenses and enhancements [he] may be retried on those charges." Plaintiff also notes that on June 10, 2022, the Idaho Court of Appeals stated, "Because of the mistrial, no final judgment was entered after the first trial." Thus, because the first trial resulted in a mistrial and no final judgment was entered, Plaintiff asserts the August 20, 1999 order's reference to a conviction "is libelous," a "continuing violation" of 47 U.S.C. § 558, and violates the Equal Protection Clause. As relief, he seeks $25,000,000 in damages and the deletion of any mention of him being convicted at the first trial from the record and internet.

Plaintiff's complaint indicates he is attempting to invoke the Court's federal question jurisdiction. Doc. 1 at 4. However, he has not alleged a non-frivolous

federal claim. The Equal Protection Clause is intended to prevent discrimination and "requires government entities to treat similarly situated people alike." *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1313 (11th Cir. 2006). Plaintiff's allegations do not suggest he was treated differently from similarly situated individuals or that the August 20, 1999 order's reference to him being convicted at the first trial was discriminatory. And 47 U.S.C. § 558 is a federal law which relates to cable programmers and cable operators; it does not establish a cause of action and has no discernible connection to Plaintiff's allegations. *See Thien Tran v. Fairfax Cable Access Corp.*, 2011 WL 148779, at *1 n.1 (D.D.C. Jan. 18, 2011) (finding plaintiff failed to establish subject-matter jurisdiction and noting 47 U.S.C. § 558 "does not establish a cause of action and instead provides cable operators immunity from certain claims"). Because Plaintiff's federal claims are frivolous, this case should be dismissed for lack of subject-matter jurisdiction.[1] *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (a federal court may dismiss a federal question claim for lack of subject-matter jurisdiction if such a claim is wholly insubstantial and frivolous) (citation omitted).

---

[1] Venue is also not proper in the Northern District of Florida, as the Defendant is located, and the relevant events took place, in Idaho. *See* 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss the action or transfer the action to the appropriate venue. Given the frivolity of the allegations, the undersigned recommends dismissal rather than a transfer.

Case No. 3:23cv24771-TKW-HTC

Furthermore, the named Defendant—the State of Idaho—is immune from suit in federal court under the Eleventh Amendment.[2] *See Cummings v. Vernon*, 89 F.3d 844 (9th Cir. 1996) (concluding the Eleventh Amendment barred plaintiff's claims against the State of Idaho).  This immunity provides an independent basis for dismissal because "federal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment." *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) (citations omitted),

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to lack of jurisdiction.

2. That the clerk close the file.

At Pensacola, Florida, this 29th day of December, 2023.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Even if Plaintiff had sued Judge Wood, the individual responsible for issuing the August 20, 1999 order, the judge would be entitled to judicial immunity because he was acting in his judicial capacity when issuing the order. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.") (quotation marks and citation omitted).

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.